WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Best Western International, Inc.,

     Plaintiff,

    vs.

Kantilal J. Govan and Aruna K. Govan,

     Defendants.

No. CIV 05-3247-PHX RCB

O R D E R

  In August 2005, Plaintiff Best Western International, Inc. ("Best Western") brought suit against Defendants Kantilal J. Govan and Aruna K. Govan in the Superior Court of the State of Arizona in Maricopa County.  Complt. (doc. 1) at Exbt. 1.  Defendants promptly removed the action to this federal forum, Notice of Removal (doc. 1), and now moves to dismiss the action for improper venue, or, alternatively, moves for a transfer of venue to the Eastern District of California (doc. 5).[1]  Best Western opposes Defendants'

---

  [1] In their motion, Defendants request oral argument on this matter.  Motion (doc. 5).  Finding oral argument unnecessary, the

1  motion.  Resp. (doc. 7).  This motion was fully briefed on November

2  11, 2005.  Reply (doc. 9).  Having carefully considered the

3  arguments raised, the court now rules.

4  **I. Background Facts**

5      Best Western is an Arizona non-profit corporation organized

6  under the laws of the State of Arizona.  It is a non-profit

7  association pursuant to A.R.S. § 10-3601, *et seq.*

8      On or about February 9, 2001, Defendants became Best Western

9  members.  At that time, Defendants entered into a Membership

10  Application and Agreement (the "Agreement") with Best Western.  As

11  such, Defendants enjoyed the right to use Best Western's trade

12  name, trademarks, service marks, logos and other similar

13  identification symbols (the "Best Western Marks") in connection

14  with the operation of a hotel that they owned known as the Madera

15  Valley Inn, located in Madera, California (the "Hotel").  In

16  addition to their right to use the Best Western Marks in connection

17  with the Hotel, Best Western provided to Defendants various

18  services, including a worldwide satellite reservation system and

19  worldwide marketing campaigns, as well as the option to participate

20  in collective purchasing of hotel services.  Best Western employs a

21  large number of employees worldwide, but mostly in Arizona, who

22  provide Best Western's members with its hotel services.

23      Contained within the Agreement are "Application of Law and

24  Choice of Forum" clauses.  Exbt. A (doc. 7) at ¶¶ 37, 38.  Under

25  the Application of Law clause, the contract states:

26          This Membership Application and Agreement shall be
            governed and construed according to the laws of
27  _____

28  Court shall deny this request.

- 2 -

the State of Arizona, unless any obligations under
this Membership Application and Agreement shall be
invalid or unenforceable under such laws, in which
event the laws of the jurisdiction whose law can
apply to and validate the obligations under this
Membership Application and Agreement shall apply.
This Membership Application and Agreement shall be
deemed executed in Phoenix, Arizona.

Id. at ¶ 37.  Under the Choice of Forum clause, the contract
states:

Applicant acknowledges that Best Western is
headquartered in Phoenix, Arizona, that the
majority of Best Western's records and employees
are in Phoenix, Arizona, and that Phoenix, Arizona
is the most convenient locale for actions between
Best Western and Applicant.

Id. at ¶ 38.

On or about April 12, 2005, Best Western notified Defendants
that their membership was terminated.  Thereafter, on May 17, 2005,
Best Western demanded that Defendants pay certain amounts that
allegedly remained due and owing to Best Western after the
termination of Defendants' membership, which represented certain
fees, dues and charges imposed on Defendants as Best Western
members, as well as the costs of goods and services provided by or
through Best Western, including interest.

Pursuant to the Agreement, Defendants were obligated to cease
use of the Best Western Marks within 15 days following the
termination of their membership.  However, Best Western asserts
that Defendants continued to use the Best Western Marks in
connection with the Hotel.  Best Western claims that, as a
consequence of Defendants' alleged continued use of the Best
Western Marks, they are liable to Best Western for liquidated
damages to be calculated utilizing the formula contained in the

Agreement.  Consequently, on August 25, 2005, Best Western filed a

Complaint in the Superior Court of the State of Arizona in Maricopa

County against Defendants for breach of contract, unjust

enrichment, breach of implied covenant of good faith and fair

dealing, and for liquidated damages.  Exbt. 1 (doc. 1) at 8-12.

**II. Discussion**

     In their motion, Defendants request, pursuant to 28 U.S.C. §

1406(a) and Rule 12(b)(3), that this case either be dismissed for

improper venue or, in the alternative, transferred to the Eastern

District of California.  Mot. (doc. 5) at 1.  Defendants argue that

California is the only proper venue in this case because (1) under

the restrictions of 28 U.S.C. § 1391(a), California is the only

appropriate venue, and (2) the forum selection clause in the

parties' contract is void and unenforceable.  Id. at 2-5.

     **A. Motion to Dismiss**

     Federal Rule of Civil Procedure 12(b)(3) allows a defendant to

move for dismissal of a case on the basis of improper venue.  Fed.

R. Civ. Pro. 12(b)(3).  Where venue is improper, the district court

has the discretion to dismiss the case under Rule 12(b)(3) or

transfer the case in the interests of justice to an appropriate

jurisdiction under 28 U.S.C. § 1406(a).  See King v. Russell, 963

F.2d 1301, 1304 (9th Cir. 1992).

     Title 28, United States Code, section 1391(a) provides in

pertinent part:

        A civil action wherein jurisdiction is founded
        only on diversity of citizenship may, except as
        otherwise provided by law, be brought only in (1)
        a judicial district where any defendant resides,
        if all defendants reside in the same State, (2) a
        judicial district in which a substantial part of
        the events or omissions giving rise to the claim

occurred, or a substantial part of property that
is the subject of the action is situated, or (3) a
judicial district in which any defendant is
subject to personal jurisdiction at the time the
action is commenced, if there is no district in
which the action may otherwise be brought.

Id.  "Under federal law, a forum selection clause is prima facie

valid and should be enforced unless enforcement is shown by the

resisting party to be 'unreasonable' under the circumstances."

Sarmiento v. BMG Entertainment, 326 F. Supp. 2d 1108, 1110 (C.D.

Cal. 2003) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1,

10 (1972).  A forum selection clause may be found to be

unreasonable if (1) its incorporation into the contract was induced

by fraud, undue influence, or overweening bargaining power; (2) the

complaining party "will for all practical purposes be deprived of

his day in court" because of the grave inconvenience or unfairness

of the selected forum; or (3) its enforcement would contravene a

strong public policy of the forum in which the suit is brought.

Id.; see also Bremen, 407 U.S. at 18.  However, a forum selection

clause is not unconscionable, despite the fact that the clause may

now be disadvantageous to Defendants, even if it was presented to

them on a take it or leave it basis or in a form contract.  See

Fireman's Fund Ins. Co. v. M. V. DSR Atlantic, 131 F.3d 1336, 1338-

39 (9th Cir. 1997).  Any inconvenience a party "would suffer by

being forced to litigate in the contractual forum as it agreed to

do was clearly foreseeable at the time of contracting."  Bremen,

407 U.S. at 17-18.

In the case at bar, Defendants assert that, under 28 U.S.C. §

1391(a), venue in this matter is only proper in California because

"Defendants are both California residents, because the hotel at issue in this case is located in California, and because all of Defendants' alleged actions/inactions, as well as Plaintiff's investigation thereof, took place in California."  Mot. (doc. 5) at 2.  Additionally, Defendants maintain that all of their witnesses that will testify at trial live in California.  Id. at 3.

In regard to the Agreement's forum selection clause, which provides that "Phoenix, Arizona is the most convenient locale for actions between [Plaintiff] and [Defendants]," Defendants contend that the clause is unconscionable because it is one-sided and invalid under the California Franchise Relations Act.  Mot. (doc. 5) at 3, n.3; see also Exbt. A (doc. 7) at 7.  As to the latter point, Defendants specifically assert that enforcement of the forum selection clause would contravene a "strong public policy" of California, and is therefore invalid.  Id.  They note that the court in Jones v. GNC Franchising, Inc., 211 F.3d 495 (9th Cir. 2000), found that the California Franchise Relations Act (the "Act") evinces the "strong public policy" necessary to override an otherwise enforceable contractual forum selection clause.  Id. at 4.

Under the Act, "[a] provision in a franchise agreement restricting venue to a forum outside [California] is void with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within [California]."  CAL. BUS. & PROF. CODE § 20040.5 (West 1997).  Defendants note that in Jones, the Ninth Circuit upheld a district court's denial of a franchisor's motion to dismiss or transfer

1  venue of the case based on a contractual forum selection clause.
2  Mot. (doc. 5) at 4.  The Court, applying the Supreme Court's
3  "strong public policy" test for forum selection clauses as outlined
4  in Bremen, held that the Act "expresses a strong public policy of
5  the State of California to protect California franchisees from the
6  expense, inconvenience, and possible prejudice of litigating in a
7  non-California venue."  Jones, 211 F.3d at 498.  Thus, the court
8  concluded that the forum selection clause contained in the parties'
9  franchise agreement, which required the California franchisee to
10 resolve claims related to the franchise agreement in a non-
11 California court, directly contravened California's strong public
12 policy and was thus unenforceable under the directives of Bremen.
13 Id.  Consequently, Defendants argue that, "[b]ecause the Ninth
14 Circuit has already held that § 20040.5 reflects the 'strong public
15 policy' that overrides a forum selection clause, the Court must
16 reach the same conclusion in this case."  Mot. (doc. 5) at 4.

17     In opposition to Defendants' motion, Plaintiff asserts that,
18 under 28 U.S.C. 1441(a) venue is proper in Arizona, and, in any
19 event, argues that Jones is irrelevant to this analysis and does
20 not make the Agreement's forum selection clause unreasonable.
21 Resp. (doc. 7) at 4-10.  First, Plaintiff asserts that Defendants'
22 contention that venue is improper is erroneous because, "[w]hen a
23 case is removed to federal court, venue in the court embracing the
24 place where the action is pending is automatically proper."  Id. at
25 5.  Plaintiff cites Thermal Components Company v. Griffith, 98 F.
26 Supp. 2d 1224 (Dist. Kan. 2000) and Polizzi v. Cowles Magazines,
27 Inc., 345 U.S. 663 (1953), in support of its argument.  Plaintiff
28 notes that in Polizzi, the Supreme Court held that venue of an

action removed from state court properly lies in the district court

of the United States for the district and division embracing the

place where such action is pending.  343 U.S. at 665.  Moreover, it

notes that in Thermal Components, the court determined that the

removal statute, 28 U.S.C. § 1441(a), and not the ordinary federal

venue statute, governs venue in removed cases.  98 F. Supp. 2d

1231-32.  In their reply, Defendants respond to this argument by

construing it to allege that they waived their right to raise any

venue objection.  Reply (doc. 9) at 1-3.

        Second, Plaintiff responds that Arizona is the proper venue

for this matter due to the Agreement's forum selection clause.

Resp. (doc. 7) at 7-10.  Plaintiff argues that Jones is irrelevant

to the case at bar because, in Jones, the court followed the

analysis of Bremen and analyzed whether enforcement of the forum

selection clause "contravenes the strong public policy of the forum

in which the suit is brought."  Resp. (doc. 7) at 10.  Thus,

because this matter was originally filed in Arizona, even if the

Court were to follow Jones, it would have to review whether the

Agreement's forum selection clause contravenes a strong public

policy of the State of Arizona.  Id.  With no evidence indicating

such, Plaintiff maintains that Arizona is a proper venue for this

case.  Id.

        The Court has considered the arguments of the parties and

concludes that venue is proper in the District of Arizona.  At the

outset, the Court concurs with Plaintiff's assertion that venue in

cases removed from state court are governed by 28 U.S.C. § 1441(a),

rather than 28 U.S.C. § 1391.  See Polizzi, 343 U.S. at 665.  Under

1   28 U.S.C. § 1441(a), venue is proper in the judicial district

2   encompassing the state court where the action was brought.

3   Defendants argue that, despite their removal of this case to the

4   federal district court, they have not waived their right to

5   challenge the venue of this case based on the contested forum

6   selection clause.  Reply (doc. 9) at 2-3.  Defendants note that in

7   Tanzman v. Midwest Express Airlines, Inc., 916 F. Supp. 1013, 1018

8   (S.D. Cal. 1996), the court stated that neither Polizzi nor 28

9   U.S.C. § 1441(a) stands for waiver of venue objections due to

10  removal.  Id. at 2.

11         The statements by the *Polizzi* Court do not mention
           waiver and the case does not hold that waiver of a
12         venue objection based on other federal venue
           statutes is necessarily implied from the mere act
13         of removal. Without more, *Polizzi* and § 1441(a)
           simply stand for the proposition that the initial
14         venue of a removed action lies in the district
           court where the action had been pending.
15

16  Tanzman, 916 F. Supp. at 1018.

17       Other courts have found that, despite removal, a defendant may

18  seek dismissal where a forum selection clause renders venue

19  improper in the forum state.  See Tokio Marine & Fire Ins. Co.,

20  Ltd. v. Nippon Express U.S.A., Inc., 118 F. Supp. 2d 997, 1000

21  (C.D. Cal. 2000); IBC Aviation Services, Inc. v. Compania Mexicana

22  de Aviacion, 125 F. Supp. 2d 1008, 1013 (N.D. Cal. 2000); Lambert

23  v. Kysar, 983 F.2d 1110, 1113 n.2 (1st Cir. 1993).  However, these

24  cases generally discussed the  enforcement of a contracted forum

25  selection clause or challenges based on state court venue

26  requirements.  See Tokio Marine, 118 F. Supp. 2d at 1000; IBC, 125

27  F. Supp. 2d at 1013; Lambert, 983 F.2d at 1112.  In contrast,

28

- 9 -

1  Defendants here seek to have the forum selection clause deemed

2  unenforceable, not enforced.

3      Recognizing this deficiency, Defendants, in their reply,

4  assert that "the rationale applied in those cases for transferring

5  venue after removal, rather than merely sticking to the initial §

6  1441 venue, applies with equal force in this case."  Reply (doc. 9)

7  at 3.  Specifically, they argue that courts enforce the forum

8  selection clauses in light of the public policy underlying them,

9  therefore in California, where the Act "reflects a 'strong public

10 policy' that overrides forum selection clauses," the clause should

11 be deemed unenforceable.  Id.  The Court disagrees.

12     Venue in cases removed from state court are governed by 28

13 U.S.C. § 1441(a), rather than 28 U.S.C. § 1391.  See Polizzi, 343

14 U.S. at 665.  Under 28 U.S.C. § 1441(a), venue is proper in the

15 judicial district encompassing the state court where the action was

16 brought.  Defendants do not challenge the venue of this matter

17 under the provisions of 28 U.S.C. § 1441(a).  In light of this

18 conclusion, the Court need not analyze Defendants' argument

19 regarding whether the enforcement of the forum selection clause

20 would contravene a "strong public policy" of California.

21 Defendants' motion to dismiss shall be denied.

22     **B. Motion to Transfer**

23

24     Alternatively, Defendants contend that relevant factors

25 support a change of venue to the Eastern District of California.

26 On a motion to transfer, the burden is on the defendant to show

27 that the convenience of parties and witnesses and the interest of

28 justice require transfer to another district.  See CFA Northern

- 10 -

1  Cal., Inc. v. CRT Partners LLP, 378 F. Supp. 2d 1177, 1185 (N.D.

2  Cal. 2005).  Title 28, United States Code, section 1404(a) provides

3  that "[f]or the convenience of parties and witnesses, in the

4  interest of justice, a district court may transfer any civil action

5  to any other district or division where it might have been

6  brought."  The Ninth Circuit has held that a fourth factor for the

7  court to consider is the plaintiff's choice of forum.  CFA, 378

8  F.Supp.2d at 1185; see also Securities Investor Protection Corp. v.

9  Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985).  The purpose of

10  Section 1404(a) is to "prevent the waste 'of time, energy, and

11  money' and 'to protect litigants, witnesses and the public against

12  unnecessary inconvenience and expense[.]'"  Van Dusen v. Barrack,

13  376 U.S. 612, 616 (1964).  However, "unless the balance of factors

14  is strongly in favor of the defendants, the plaintiff's choice of

15  forum should rarely be disturbed."  Securities, 764 F.2d at 1317.

16      Determination of a motion to transfer lies within the broad

17  discretion of the district court and is based on individualized

18  considerations of convenience and fairness.  See Jones, 211 F.3d at

19  498.  The party moving for transfer of venue must establish (1)

20  that venue is proper in the transferor district; (2) that the

21  transferee district is one where the action might have been

22  brought; and (3) that the transfer will serve the convenience of

23  the parties and witnesses and will promote the interest of justice.

24  Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp., 820 F. Supp.

25  503, 506 (C.D. Cal. 1992)._

26      In their motion, Defendants argue that venue in this matter is

27  only proper in California because "Defendants are both California

28

- 11 -

residents, because the hotel at issue in this case is located in California, and because all of Defendants' alleged actions/inactions, as well as Plaintiff's investigation thereof, took place in California."  Mot. (doc. 5) at 2.  Additionally, Defendants assert that the transfer will serve the convenience of their witnesses.  Id. at 3.  Defendants maintain that all of their witnesses that will testify at trial live in California.  Id. However, these factors alone do not sufficiently support a change of venue to the Eastern District of California.

It is undisputed that Best Western is an Arizona non-profit corporation, which is organized under the laws of Arizona and employs most of its employees in Arizona.  It is also undisputed that the Agreement, which is at the crux of this lawsuit, was executed in Arizona.  Moreover, Plaintiff chose the present forum for this litigation and the Court must give weight to Plaintiff's choice of forum.  Defendants agreed to this forum and venue pursuant to the terms of the Agreement.  According to the agreement, Defendants also acknowledged and agreed that "the majority of Best Western's records and employees are in Phoenix, Arizona, and that Phoenix, Arizona is the most convenient locale for actions between [the parties]."  Exbt. A (doc. 7) at ¶ 38. Upon consideration of these relevant factors, and in the interest of the administration of justice, the Court has determined that Defendants' motion to transfer venue to the Eastern District of California, shall be denied.

Therefore,

IT IS ORDERED Defendants' Motion to Dismiss or Transfer Venue

(doc. 5) is DENIED.

DATED this 29th day of August, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record