Kevin R. Harper, State Bar No. 019118
Jonathan A. Dessaules, State Bar No. 019439
**DESSAULES HARPER PLC**
One North Central Avenue, Suite 1320
Phoenix, Arizona 85004
602.256.6400
jdessaules@dessaulesharper.com
kharper@dessaulesharper.com
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>Kantilal J. Govan and Aruna K. Govan, husband and wife,<br><br>                    Defendants. | No. CV05-3247-PHX-RCB<br><br>**DEFENDANTS' MOTION TO AMEND ORDER PER RULE 5 OF THE FEDERAL RULES OF APPELLATE PROCEDURE; MOTION FOR PERMISSION TO FILE INTERLOCUTORY APPEAL** |

Defendants hereby move the Court to amend its Order dated August 29, 2006, which was filed on August 30, 2006, to grant permission for Defendants to appeal. The basis for this motion is that the denial of the motion to dismiss or transfer presents a controlling question of law of significant importance that reasonably could provoke a substantial difference of opinion. Indeed, the Court's conclusion that venue is appropriate in Arizona, despite the "strong public policy" embodied in California's Franchise Relations Act limiting venue in franchise disputes involving California franchisees to California courts, is at odds with the Ninth Circuit's holding in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000). Accordingly, Defendants request permission to pursue an interlocutory appeal of the Order in order to clarify the controlling issues of law and the conflict with *Jones*.

The Court in this case held that Arizona was the appropriate venue on the basis of Defendants' removal of this action to federal court. The Court held that 28 U.S.C. § 1441 is the

determinative factor of venue in removed actions. In other words, the Court concluded that venue was appropriate in the District of Arizona because it is the judicial district encompassing the state court in which the action was brought.

The Order, however, presents novel issues that appear to be of first impression:

- Does California's Franchise Relations Act, Cal. Bus. & Prof. Code § 20040.5, make California the only appropriate venue for this action?
- Does California's Franchise Relations Act, Cal. Bus. & Prof. Code § 20040.5, override Best Western's forum selection clause and make Arizona an inappropriate venue?
- Is California's Franchise Relations Act, Cal. Bus. & Prof. Code § 20040.5, an implied term of the franchise agreement that requires the dismissal or transfer of this case?

Defendants submit that the above questions must be answered in the affirmative in light of the *Jones* decision. The Court, however, reached the opposite conclusion, thereby creating an apparent conflict with the *Jones* decision. In holding that removal is dispositive on venue, notwithstanding California's Franchise Relations Act and the *Jones* decision, the Order presents a clear-cut question of law on which the facts are firmly established and undisputed.

This case presents the logical corollary to *Jones*. In *Jones*, the parties were arguing that California's Franchise Relations Act prohibited a party from transferring a case to another jurisdiction on the basis of a forum selection clause. Here, Defendants argue that California's Franchise Relations Act also prevents a litigant from commencing that action in the other jurisdiction. Otherwise, the Franchise Relations Act provides an illusory remedy.

The issue in this case is whether California is the only appropriate venue. In a diversity jurisdiction case, "federal law governs the analysis of the effect and scope of forum selection clauses." *Jones*, 211 F.3d at 497; *see also* Charles Alan Wright, *Federal Courts* § 42, at 257 (5th ed. 1994). It is federal law, not state law, which determines the proper venue in this case. The federal law inquiry is one of public policy, and can be "declared by statute." *Jones*, 211 F.3d at 498. In *Jones*, the Ninth Circuit held that California's statute evinces a "strong public

policy." Defendants submit that the "strong public policy" requires the conclusion that venue is not appropriate in Arizona. The mere act of removal cannot fix venue where the case involves claims that trigger application of California's Franchise Relations Act or equally compelling reasons. *See*, *e.g.*, *Tanzman v. Midwest Express Airlines, Inc.*, 916 F. Supp 1013, 1018 (S.D. Cal. 1996) (the "mere act of removal" does not waive an objection to venue); *Greenberg v. Giannini*, 140 F.2d 550, 553 (2d Cir. 1944) ("When a defendant removes an action from state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver'"); *Tokio Marine & Fire Ins. Co. v. Nippon Express U.S.A.*, 118 F. Supp. 2d 997, 999 (C.D. Cal. 2000) (citing cases); *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion*, 125 F. Supp. 2d 1008, 1013 (N.D. Cal. 2000) (citing cases).

The Court's determination that venue is proper in Arizona, notwithstanding California's Franchise Relations Act, is a legal decision that presents a controlling question of law of utmost importance. At the very least, the conflict between the present case and the *Jones* decision needs to be addressed by the Ninth Circuit to clarify whether *Jones* is limited only to those cases that were initially filed in federal court or a California state court. Defendants submit that such a restrictive interpretation of *Jones* would simply encourage, and reward, forum shopping.

Defendants submit that the aforementioned question of law is one that reasonably could provoke a substantial difference of opinion. This is particularly true in light of the *Jones* case and the "strong public policy" that § 20040.5 reflects. This case presents an issue of first impression—*i.e.*, whether California's Franchise Relations Act is immaterial in cases involving California franchisees that are removed to judicial districts outside of Arizona. This Court's decision and the *Jones* case present two different answers to this question.

In addition, an interlocutory appeal may materially advance the ultimate determination of this litigation. As discussed in *Lerner v. Atlantic Richfield Co.*, 690 F.2d 203, 212 (Em. App.

1982), cases in which an immediate appeal could avoid an unnecessary trial are among those in which an interlocutory appeal is considered appropriate.  If the Court declines to certify its order for immediate appeal, then the entire case may have to be litigated a second time after an appeal is taken in the ordinary course—if Defendants are successful in their appeal.  Such a retrial would unquestionably prolong this action for years.

For the above reasons, Defendants respectfully request that the Court amend its Order to include the following language:

> The Court is of the opinion that this Order involves a controlling question of law as to which there is substantial ground for differences of opinion and that an immediate appeal from this Order as authorized by 28 U.S.C. § 1292(b) may materially advance the ultimate termination of this litigation.

DATED this 18th day of September, 2006.

DESSAULES HARPER PLC


By /s/ Jonathan A. Dessaules (#19439)
   Kevin R. Harper
   Jonathan A. Dessaules
   Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Andre Merrett
Greenburg Traurig
2375 East Camelback Road.
Phoenix, Arizona 85016


/s/ Jonathan A. Dessaules