Kevin R. Harper, State Bar No. 019118
Jonathan A. Dessaules, State Bar No. 019439
**DESSAULES HARPER PLC**
One North Central Avenue, Suite 1130
Phoenix, Arizona 85004
602.256.6400
jdessaules@dessaulesharper.com
kharper@dessaulesharper.com
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Kantilal J. Govan and Aruna K. Govan, husband and wife,<br><br>Defendants. | No. CV05-3247-PHX-RCB<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO AMEND ORDER PER RULE 5 OF THE FEDERAL RULES OF APPELLATE PROCEDURE AND MOTION FOR PERMISSION TO FILE INTERLOCUTORY APPEAL** |

Defendants hereby reply in support of their motion for the Court to amend its Order dated August 29, 2006, which was filed on August 30, 2006, to grant permission for Defendants to appeal. Plaintiff's response hinges on its mistaken impression that the legal issue Defendants seek to appeal is whether 28 U.S.C. § 1441(a) controls venue in removed cases. Defendants do not contest the general initial application of § 1441(a) to venue in removed cases and therefore do not argue that such is the controlling question of law worthy of interlocutory appeal. Nor do Defendants agree with Plaintiff's assertion that the Court's order was issued on this simple basis.

The controlling question of law that reasonably provokes a substantial difference of opinion and that will materially advance this litigation is whether a franchisor doing business in California may sidestep that state's important public policy against forum selection clauses for

its franchisees, as enunciated by the Ninth Circuit in *Jones v. GNC Franchising, Inc.* 211 F.3d 495 (9th Cir. 2000) (addressing California's Franchise Relations Act, Cal. Bus. & Prof. Code § 20040.5), by filing a lawsuit in the franchisor's choice state court.  In its order, the Court did address this question, albeit impliedly, by finding that Defendants' removal in effect waived any venue challenge.  [Court's order, p. 9, line 3 to p. 10, line 21].  This finding is contrary to the law regarding non-waiver of venue challenges by removal, cited in Defendants' Motion, p. 3, lines 1-12, which was not controverted by Plaintiff.  More importantly, the Court's holding renders California's Relations Act, Cal. Bus. & Prof. Code § 20040.5, illusory and in direct conflict with the Ninth Circuit's opinion in *Jones.*

Contrary to Plaintiff's argument, the issue raised need not be dispositive to be controlling for purposes of interlocutory appeal.  In fact, the case Plaintiff cites for this proposition, *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959), states the opposite:

> But we do not hold that a question brought here on interlocutory appeal must be dispositive of the lawsuit in order to be regarded as controlling. The senate report referred to in footnote 6 cites as one instance in which § 1292(b) may be applied a district court order granting or denying a motion to join a third party defendant. In Deepwater Exploration Co. v. Andrew Weir Ins. Co., Ltd., D.C.E.D.La., 167 F.Supp. 185, it is indicated that an interlocutory order transferring a cause from one district to another may be appealed under § 1292(b) if it is claimed that the transferee court does not have jurisdiction. In neither of these instances would reversal be dispositive of the case, yet the questions may nevertheless be considered as controlling.

*Id.* at 787; *see also United States v. View Crest Apts., Inc.*, 265 F.2d 205 (9th Cir. 1958) (interlocutory appeal appropriate where basic determination as to the applicable law might have led to other results seriously affecting the relief otherwise available).

An immediate appeal would materially advance the ultimate termination of the litigation and is appropriate where, as here, a party will be otherwise deprived of an important procedural right or legal defense that is not likely to be remedied through a regular post-trial appeal.  *Florez v. Super. Ct.*, 185 Ariz. 521, 524, 917 P.2d 250, 253 (1996) (special action relief[1] appropriate to

---

[1] Special action is the state court equivalent of an interlocutory appeal.

avoid the very harms a particular defense was intended to prevent). A post-trial appeal from the Order will not provide an equally plain, speedy and adequate remedy because Defendants are incurring and will continue to incur significant costs in defending in Arizona, contrary to California's public policy for its franchisees. The coercive effect of the burden and expense of this ongoing effort will not, and cannot, be alleviated by post-trial appeal. *Valler v. Lee*, 190 Ariz. 391, 392, 949 P.2d 51, 52 (App. 1997) (accepting special action jurisdiction over legal question where "refusal to correct the error at this stage would be pointless"). Finally, the availability of post-trial review of the Order is questionable, should Defendants prevail at trial. *Truck Ins. Exch. v. State Comp. Fund*, 138 Ariz. 116, 118, 673 P.2d 314, 316 (App. 1983).

DATED this 6th day of November, 2006.

DESSAULES HARPER PLC

By /s/ Jonathan A. Dessaules (#19439)
    Kevin R. Harper
    Jonathan A. Dessaules
    Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Andre Merrett
Greenburg Traurig
2375 East Camelback Road.
Phoenix, Arizona 85016


/s/ Jonathan A. Dessaules